DuQUOIN PACKING COMPANY, a corporation, DuQuoin, Illinois, Plaintiff,

v.

LOCAL P–156, AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, et al., Defendants.

Civ. No. 70–101.

United States District Court,
E. D. Illinois.

Jan. 29, 1971.

Ralph D. Walker, Walker & Williams, East St. Louis, Ill., and Milton O. Talent, Moller, Talent & Kuelthau, St. Louis Mo., for plaintiff.

Philip G. Feder, Johnson, Ducey & Feder, Belleville, Ill., Eugene Cotton, Irving M. King, Russell Woody, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

JUERGENS, Chief Judge.

This suit was originally filed in the Circuit Court of the Twentieth Judicial Circuit, Perry County, Illinois, and subsequently removed on petition for removal by defendants, alleging jurisdiction under the provisions of Section 301(a) of the Labor Management Relations Act (29 U.S.C.A. § 185(a)).

The complaint as originally filed contained only one count and charged defendant Local P–156, Amalgamated Meat Cutters and Butcher Workmen of America, and named individuals. Following removal, plaintiff amended its complaint, setting forth its cause of action in Count I against defendant Local P–156, Amalgamated Meat Cutters and Butcher Workmen of America, and plead alternatively in Count II a cause of action against the named individuals as individuals and not as agents of the union.

Defendants move to strike and dismiss the amended complaint, alleging in support of their motion that Count I of the amended complaint fails to state any claim upon which relief can be granted; that the Court has no jurisdiction over the subject matter of the claim attempted to be stated against the individual defendants in Count II; and that Count II of the amended complaint fails to state any claim upon which relief may be granted in favor of the plaintiff.

The heart of the complaint in both counts is a no-strike clause contained in a collective bargaining agreement between plaintiff and defendant union. The complaint alleges that the collective bargaining agreement contains a no-strike clause and a grievance procedure by which grievances were to be settled amicably or by arbitration and that the no-strike clause was violated.

■ Defendant union moves to dismiss Count I for the reasons that the complaint does not set forth adequately allegations upon which responsibility can be imputed to the local, that the only allegations contained in Count I are wholly conclusionary and are directly contradicted by other allegations of Count I, and that it is clear from the complaint that the local did not call the strike and that it was in fact cooperating with plaintiff in attempting to resolve the alleged problem. Defendant union does not contend that this Court lacks jurisdiction to entertain this cause of action, nor could it so contend in the light of its allegations in its petition for removal. It is clear that the cause of action against the defendant union is within the original jurisdiction of this Court under the provisions of § 301(a) of the Labor Management Relations Act (Title 29 U.S.C. § 185(a)). It is equally clear that this cause was properly removed to this Court within the purview of the removal statute, namely, 28 U.S.C. § 1441(b), which provides for removal of actions founded on a claim arising under the Constitution, treaties or laws of the United States without regard to citizenship or residence of the parties.

Count I of the amended complaint, and specifically in paragraph 8, alleges that the union, its servants, agents and representatives have engaged in a strike and have refused to work and have engaged in picketing of plaintiff's premises and have approved and ratified the strike and picketing.

■■ Even assuming defendant union's charge that the complaint contains only conclusionary allegations, specifically in paragraph 8 thereof, Count I is nevertheless sufficient to withstand the

motion to dismiss. Under the present liberal rules governing pleadings in the Federal courts, all that is required in a complaint is that it contain a short, plain statement of the claim, showing that the pleader is entitled to relief; and if the pleading gives the opposing party fair notice of the nature of the claim, the basis upon which it is founded and a general indication of the type of litigation involved, it is sufficient to comply with the rules.

The defendant's motion to dismiss Count I of the complaint will be denied.

The motion to dismiss Count II raises the same objections as are raised against Count I, but raises other matters in addition to those levied against Count I.

■ Suffice it to say that Count II does contain a short, plain statement of the grounds upon which the Court's jurisdiction depends and also alleges facts upon which the cause of action is founded. If the court in fact has jurisdiction and if causes of action may be maintained by an employer against individual employees on the basis of a violation by them individually of the provisions of a collective bargaining agreement between the employer and the union under the provision of § 301(a), then Count II is not vulnerable to a motion to dismiss.

Section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185(a)) provides as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

■ Congress has directed the courts to formulate and apply Federal law to suits for violation of collective bargaining contracts. There is no constitution-al difficulty and § 301 is not to be given a narrow reading; § 301 has been applied to compel arbitration of individual grievances pertaining to rates of pay, hours of work and wrongful discharge, to obtain specific enforcement of an arbitrator's award ordering reinstatement and back pay to individual employees, to recover wage increases in a contest over the validity of the collective bargaining contract, and to suits against individual union members for violation of a no-strike clause contained in a collective bargaining agreement. Smith v. Evening News Assn., 371 U.S. 195, 199, 200, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

■ In support of the last proposition, namely, that § 301(a) has been applied to suits against individual union members for violation of a no-strike clause contained in a collective bargaining agreement, the Court in Smith, supra, cites Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed. 2d 462. In Atkinson, supra, the Supreme Court had before it a question somewhat comparable, but different than that presented here. In Atkinson, supra, Count II of the complaint charged 24 individual officers and agents of the union with breach of a collective bargaining contract and tortious interference with contractual relations. The District Court held that under § 301 union officers or employees cannot be held personally liable for union actions and that therefore suits of the nature alleged in Count II are no longer cognizable in state or federal courts. The Court of Appeals reversed and the Supreme Court held that no cause of action was stated in that when a union is liable for damages for violation of the no-strike clause, its officers and members are not liable for these damages. In Atkinson the individual members *were charged* in Count II with *acting as agents and on behalf of* the union. (Emphasis supplied). The Court stated that:

"Whatever individual liability Count II alleges for the 24 individual defendants, it necessarily restates the

liability of the union which is charged under Count I, since under § 301(b) the union is liable for the acts of its agents, under familiar principles of the law of agency * * *. Proof of the allegations of Count II in its present form would inevitably prove a violation of the no-strike clause by the union itself."

The Court in Atkinson further stated that the conduct charged in Count II was within the scope of a violation of the collective bargaining agreement, but held that Count II necessarily alleged union liability by praying damages from the union agents, and it further stated that where the union has inflicted the injury, it alone must pay. Count II was dismissed.

Under the provisions of § 301, agents and members are exempted from personal liability for judgment against the union. Thus, if it develops during the trial that the action complained of in the complaint is that of the union and the individual members were merely acting as agents for the union, then the union would be liable and the individuals would not be, since no cause of action exists against the individual members for union liability. If on the other hand it develops that the union is without fault and it further develops that the acts of the individuals were individual acts and that the acts were not performed as agents of the union, then individual liability would result.

Section 301 exempts agents and members from personal liability for judgments against the union when they are acting or participating in a plan "emanating from headquarters." This provision was entered into the bill in order to prevent a repetition of the Danbury Hatters case (Loewe v. Lawlor, 208 U.S. 274, 28 S.Ct. 301, 52 L.Ed. 488; Lawlor v. Loewe, 235 U.S. 522, 35 S.Ct. 170, 59 L.Ed. 341), where an action was brought against union members and not against the union although the members were participating in a union plan.

The case presently before the Court is distinguishable from the Danbury Hatters case in that here it is alleged not that the individuals are acting pursuant to a union plan but rather that their conduct is solely that of individuals.

The Supreme Court recently has held that the no-strike clause in a union contract means exactly what it says. When that clause appears in a contract, it means there cannot be a strike by the unions. In order to give validity to that decision it is necessary that the unions have some control over their members, and if the individual union members are not going to be held individually liable for wildcat strikes, then the union will have no control over its members. Especially is this true in those instances where the union does not participate or condone a strike and does not request that its members go out on strike. The individual union members by their membership in the union have given their officers the power and authority to negotiate and to enter into contracts with employers, subject to their ratification. When such ratification is given by the union members, then it becomes a valid and binding contract not only upon the union but also upon the individual members of that union. History has shown that individual union members take advantage of the provisions of a collective bargaining agreement when it is to their individual advantage. By the same token they should individually be bound by the provisions of the collective bargaining agreement which they have ratified and be liable for any breach of the provisions of a collective bargaining agreement which they individually have caused. The individual members of a union should not be permitted to strike with impunity in violation of the collective bargaining agreement when they are not requested or demanded or authorized to so strike by their union officials.

Count II of the complaint alleges, and in order to establish liability the proofs at the trial must show, that the individuals were acting solely and only in their

own behalf and not in behalf of the union or in furtherance of any union plan. Failure of such proof would be a failure to establish liability under Count II.

Taken with this restrictive view in mind, Count II of the complaint is within the jurisdiction of this Court and does state a cause of action. Accordingly, the motion to dismiss will be and the same is hereby denied.