UNITED STATES of America, Appellee,

v.

Joseph T. WELLS, Appellant.

No. 785, Docket 35643.

United States Court of Appeals, Second Circuit.

Argued March 17, 1971.

Decided April 27, 1971.

As Amended on Denial of Rehearing July 16, 1971.

New York, David G. Trager, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.

**J. JOSEPH SMITH, Circuit Judge:**

This is an appeal from a judgment of the United States District Court for the Eastern District of New York after a trial before a jury, Jack B. Weinstein, *Judge,* convicting appellant of bank robbery and bank robbery while armed. Defendant was sentenced to 15 years in prison on each count, to run concurrently. We find no error and affirm the judgment.

■ At trial, defendant's case centered primarily around his claimed legal insanity. In his charge to the jury, Judge Weinstein gave instructions consistent with decisions of this court:

> The terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

On appeal, defendant's first point is that this charge was erroneous. In United States v. Freeman, 357 F.2d 606 (2d Cir. 1966), this court adopted the standard for criminal responsibility proposed by the A.L.I. Model Penal Code § 4.01. The court emphasized that "mere recidivism" will not of itself justify acquittal. "There may be instances," said the court, "where recidivists will not be criminally responsible, but this will be for determination in each individual case depending upon other evidence of mental disease augmenting mere recidivism. * * *" 357 F.2d at 625. This we think clearly correct. If the mere commission of crimes could by itself establish legal insanity, criminal sanctions would cease to exist.

We adhere to the standards set forth in *Freeman,* despite the attack raised here for the first time on appeal, and the doubts expressed by the Ninth Cir-

Phylis Skloot Bamberger, New York City (Milton Adler, The Legal Aid Society, New York City, of counsel), for appellant.

Emanuel A. Moore, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., E. D.

---

* Chief Judge, United States District Court for the District of Connecticut, sitting by designation.

cuit in Wade v. United States, 426 F.2d 64, 72–73 (9 Cir. 1970) (*en banc*).[1]

■ Appellant also contends that the trial court improperly denied his motion to acquit on the grounds of insanity. The contention is that since the government must prove beyond a reasonable doubt that the defendant was sane once the defendant has raised the issue of sanity, and since on the basis of the evidence presented at trial a reasonable doubt as to defendant's sanity existed as a matter of law, the jury should not have been allowed to find defendant legally sane. We cannot say, however, that a reasonable doubt existed as a matter of law. The mere fact that a reasonable jury might, on the basis of the evidence introduced, have concluded that defendant was in fact insane does not mean that a different conclusion was beyond the province of the jury. On cross examination, the defense psychiatrist, Dr. Schwartz, acknowledged that a fellow like the defendant could have been faking insanity. The government psychiatrist, Dr. Johnston, who had observed defendant over a two-year period and had interviewed him often, testified that defendant was "probably responsible and competent" at the time of the crime.

Appellant also assigns error in the admission in evidence on the issue of mental competence of a letter from appellant to a priest, as a violation of a priest-penitent privilege. The priest took the letter, which requested him to get in touch with Agent Jansen of the FBI and have him come to see appellant, as intended not to be kept in confidence and turned a copy of it over to the FBI. Judge Weinstein also so interpreted it, and admitted it into evidence.

■ In this ruling we think the court was correct. The letter contains no hint that its contents were to be kept secret, or that its purpose was to obtain religious or other counsel, advice, solace, absolution or ministration. It merely requested assistance by putting Wells in touch with the agent and explained Wells' purpose and plan in asking this. While the privilege has been recognized in the federal courts it appears to be restricted to confidential confession or other confidential communications of a penitent seeking spiritual rehabilitation. Mullen v. United States, 105 U.S.App.D.C. 25, 263 F.2d 275, 277–280 (1958) and see Uniform Rule of Evidence 29(1), 8 Wigmore, Evidence, §§ 2394–96, McNaughton Revision 1961.

The letter was not privileged and was relevant on the issue of sanity. While its contents were not claimed for the truth of statements contained therein, its coherent and reasoned tone was undoubtedly of some weight on the appellant's mental condition at the time it was written, within some two months after the robbery.

The judgment is affirmed.

---

1. See also, United States v. Smith, 404 F.2d 720, 727 n. 8 (6 Cir. 1968); United States v. Currens, 290 F.2d 751, 761 (3 Cir. 1961); Taylor v. United States, 95 U.S.App.D.C. 373, 222 F.2d 398, 404 (1955).