See also D.C., 60 F.R.D. 474.

**John N. FLOOD, MD, JD., Plaintiff,**

**v.**

**John MARGIS, Jr., et al., Defendants.**

**No. 70–C–110.**

United States District Court,
E. D. Wisconsin.

Aug. 9, 1974.

John N. Flood, Fountain Valley, Cal., for plaintiff.

Kenneth F. Hostak, Racine, Wis., for Town of Caledonia.

Rex Capwell, Racine, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the following motions: (1) The defendants' motion to strike certain portions of the amended complaint; (2) the plaintiff's motion to strike certain portions of the answer and affirmative defenses; (3) the plaintiff's motion for a protective order striking the defendants' first set of interrogatories; and (4) the plaintiff's motion for "partial summary judgment on the issues which the Court deems meet and proper."

### I.

With respect to their motion to strike, the defendants first claim that all or part of paragraph 11 through 17 and 19 of the amended complaint should be stricken for the same reason that para-

graphs 17 through 19 and 22 through 24 of the original complaint were ordered stricken. Those paragraphs were characterized by the court of appeals as being too vague and conclusory to state a claim upon which relief may be granted. Flood v. Margis, 461 F.2d 253 (7th Cir. 1972). Having examined the challenged portions of paragraphs 11 through 17 and 19 of the amended complaint, I conclude that they correspond substantially to and suffer from substantially the same deficiencies as the previously stricken paragraphs.

■ Paragraph 10 of the amended complaint purports to set forth allegations which seek relief for the plaintiff as the victim of a bill of attainder. Not only are the allegations contained therein conclusory and vague, but, in my opinion, the plaintiff's attempt to characterize the defendants' failure to renew his mobile home park license as a bill of attainder is devoid of merit. Licensing is a function of the town board; regardless of how arbitrary its actions are alleged to have been, such actions cannot constitute a bill of attainder.

■ Finally, the defendants challenge the portion of paragraph 19 of the amended complaint in which the plaintiff seeks to recover the attorneys fees and costs which have arisen out of previous litigation. I conclude that that portion of paragraph 19 should be stricken on the grounds that the plaintiff has failed to state a claim upon which relief could be granted. If proved, none of the vague and conclusory allegations would establish that previous litigation was the natural result of the alleged wrongful acts of the named defendants.

### II.

■ The plaintiff's motion to strike portions of the answer and affirmative defenses to the amended complaint is grounded upon the following theories: (1) The defendant town of Caledonia is a proper party defendant; (2) the defendants' pleading is evidentiary and argumentative in nature; (3) certain state statutes, including statutes of limitations, are not applicable in this federal action; and (4) the affirmative defenses raised by the defendants should be stricken on the ground that new issues will delay the proceedings. Those of the plaintiff's foregoing positions which are not incorrect as a matter of law have no applicability or relevance when viewed in the context of the specific portions of the answer and affirmative defenses which have been challenged.

### III.

The plaintiff seeks a protective order striking the defendants' written interrogatories filed March 8, 1974, on the grounds that such interrogatories are oppressive and annoying, and that to require answers thereto would place upon him an undue burden and expense in time and money. Rule 26(c), Federal Rules of Civil Procedure. His principal objection is that an extensive volume of records must be searched for answers.

Seventy-six interrogatories were propounded by the defendants; many would require a lengthy response, since they have numerous subparts. Nevertheless, I have examined the interrogatories in question and find that they lie within the bounds of legitimate inquiry.

■ I conclude that the plaintiff's motion for a protective order should be denied for several reasons. First, the mere fact that interrogatories are lengthy, or that the plaintiff will be put to some trouble and expense in preparing the requested answers is not alone sufficient to warrant the granting of a protective order. Klausen v. Sidney Printing & Publishing Company, 271 F. Supp. 783 (W.D.Mo.1967). Secondly, the plaintiff has not made specific objections to particular interrogatories; a general request for a protective order is not sufficient. Thirdly, the plaintiff has available to him the option, under

Rule 33(c), of producing his records in lieu of preparing answers to the interrogatories.

In bringing on this discovery motion, the plaintiff failed to comply with § 6.02 of the rules of this district. That rule requires that, when such a motion is filed, the movant should submit a statement indicating that he has first consulted with opposing counsel in an attempt to resolve the discovery problem. Failure to comply with that procedure with respect to future discovery motions will result in summary denial of such motions.

### IV.

 Finally, the plaintiff seeks partial summary judgment "as to the issues which have no dispute as to the facts involved." I find that the plaintiff's broad, shot-gun approach to be insufficient. Even if the plaintiff's motion were properly narrowed, it would be inappropriate for this court to consider ordering summary judgment regarding any aspect of this case. In its current posture, there exists in this case no issue with respect to which the material facts are undisputed.

Therefore, it is ordered that the defendants' motion to strike from the amended complaint paragraphs 10, 12, 13, 14, 16, 17; all but the first sentence of paragraph 11; and the allegations in paragraph 19, which read as follows:

> "[T]hat the plaintiff has been prevented from selling or leasing his Caledonia mobile home park by the defendants"

> and ". . . the plaintiff has been continuously involved in numerous and vexatious lawsuits on taxes, mobile homes, financial losses, foreclosure proceedings, in the Caledonia property which was formerly the plaintiff's mobile home park"

be and hereby is granted.

It is also ordered that the plaintiff's motion to strike certain portions of the answer and affirmative defenses be and hereby is denied.

It is further ordered that the plaintiff's motion for a protective order striking the defendants' interrogatories filed March 8, 1974, be and hereby is denied.

It is further ordered that the plaintiff's motion for "partial summary judgment on the issues which the court deems meet and proper" be and hereby is denied.

It is further ordered that the pretrial conference scheduled in this matter for 9:30 A.M., Monday, September 16, 1974, be and hereby is cancelled. The parties will receive written notice of a status conference to be scheduled 60 to 90 days from the date of this order.