**ALLOY CAST STEEL COMPANY,
Plaintiff,**

v.

**UNITED STEEL WORKERS OF
AMERICA et al., Defendants.**

Civ. No. C 75–374.

United States District Court,
N. D. Ohio, W. D.

March 19, 1976.

688

Theodore M. Rowen, Toledo, Ohio, for plaintiff.

John W. Kenesey, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

■ This cause came to be heard upon the several motions of the parties. First, plaintiff has filed a motion for leave to amend its complaint. Defendants have not only opposed said motion but have also opposed plaintiff's request to file a reply to said opposition. The Court certainly is going to let plaintiff file its reply brief. Defendants raise matters in their opposition not considered by plaintiff in its memorandum in support of motion. The raising of new material is sufficient to demonstrate the necessity required to allow the filing of a reply brief. Rule 3(a)(4), L.Civ.R.

■ The Court further is going to allow plaintiff to file its amended complaint. Rule 15(a), Fed.R.Civ.P., states that such leave should be freely given. Plaintiff is not alleging any new cause of action in its amended complaint. Rather, only additional claims for relief are asserted. Further, this is a relatively new case and there has been no undue delay in preparing the amendments. Since no new factual allegations are asserted, the only prejudice to defendants will come in having to answer the amended complaint. Such prejudice is minimal and clearly insufficient to prevent the filing. Defendants' major contention in opposing the amendments is that they are not meritorious. That may very well be. The Court, however, is not willing to look into the merits or demerits of the new claims. The only question is whether the plaintiff should be allowed to raise them. The Court, without doubt, believes that it should be so allowed. *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hageman v. Signal L. P. Gas Co.,* 486 F.2d 479 (6th Cir. 1973).

■ Plaintiff has also filed a motion for a protective order pursuant to Rule 26(c), Fed.R.Civ.P. with respect to certain interrogatories. While willing to answer said interrogatories, plaintiff asks that the Court order that its answers be furnished only to defendants and their counsel, that the answers filed with the Court be sealed and that the defendants make no use whatever of its answers, for any purpose, except preparation for and participation in trial of this case. Defendants have not opposed said motion, and it, therefore, will be granted.

■ Finally, the individual defendants have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Defendants contend that the Court lacks both personal and subject matter jurisdiction. Summary judgment, however, is not the proper vehicle for raising issues of jurisdiction. 10 Wright & Miller, *Federal Practice and Procedure,* § 2713 p. 402 *et seq.* (1973); *Heyward v. Public Housing Administration,* 238 F.2d 689 (5th Cir. 1956). The Court will therefore treat such allegations as a motion to dismiss for want of jurisdiction under Rule 12(b), Fed.R.Civ.P. Furthermore, since this motion is based solely on the pleadings without any supporting materials, it is functionally the same as a motion to dismiss for failure to state a claim upon which relief can be granted and the Court will treat it as such. Wright & Miller, *supra* at p. 392.

This is a suit brought pursuant to § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, for breach of a collective bargaining agreement. Section 185 clearly gives this Court jurisdiction over the subject matter of such an action. In addition, the defendants have not in any way argued that they lack sufficient minimum contacts with the State of Ohio which would prevent this Court from obtaining personal jurisdiction over them. Rather, their major contention is that the law applicable to § 301 demonstrates clearly that members of the union cannot be held individually liable for breach of a collective bargaining agreement. They, in effect, then, are alleging that the complaint fails to state a claim for relief and the Court will now consider such a motion.

■ It is clear that if the union is found liable for damages for violation of

the no-strike clause of the collective bargaining agreement, its officers and members are not liable for those damages. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). The Supreme Court, however, very specifically did not reach the issue of whether the officers or members of the union could be liable for activity, not on behalf of the union, but in their personal and non-union capacity. *Id.* at 249 n. 7, 82 S.Ct. at 1325, 8 L.Ed.2d at 470. The Supreme Court in *Atkinson* also did not discuss the issue of whether union members could be sued under § 301 for permanent injunctive relief.

With respect to the issue of members' liability for damages for unauthorized, individual activity, the lower courts are divided. This Court, however, believes that the individual members should be held accountable. The union members authorized the union to enter into a collective bargaining agreement with the employer. That agreement is binding upon them. *Atkinson, supra*, 370 U.S. at 246, 82 S.Ct. at 1323, 8 L.Ed.2d at 468. If they breach the agreement by activity which the union does not condone and in which the union does not participate, they should be held personally responsible. This Court thus agrees with the district court in *DuQuoin Packing Co. v. Local P–156 Amalgamated Meat Cutters*, 321 F.Supp. 1230 (E.D.Ill.1971). The *DuQuoin* Court at page 1233 states:

> By the same token they should individually be bound by the provisions of the collective bargaining agreement which they have ratified and be liable for any breach of the provisions of a collective bargaining agreement which they individually have caused. The individual members of a union should not be permitted to strike with impunity in violation of the collective bargaining agreement when they are not requested or demanded or authorized to so strike by their union officials.

■■■ The next question to be answered is whether plaintiff has pleaded a cause of action against the union members individually. The Court believes that it has.

The individual defendants are being sued not only as union officers and committeemen, but also as representatives of the class of all employees of plaintiff. As such, they are clearly being sued as individuals. Furthermore, in paragraph seven of the amended complaint, the defendants are accused individually of inducing and encouraging an illegal strike in violation of the collective bargaining agreement. For the purposes of a motion to dismiss for failure to state a claim, the allegations of the complaint must be taken as true and the complaint must be liberally construed. *L'Orange v. Medical Protective Co.*, 394 F.2d 57 (6th Cir. 1968). In order for such a motion to be granted, it must be clear that plaintiff can prove no set of facts which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Such is not the situation here.

Since the Court has determined that plaintiff has stated a claim for relief against the individuals for damages, it need not at this time decide whether said defendants may also be subject to permanent injunctive relief under § 301.

For the reasons stated herein, good cause therefor appearing, it is

ORDERED THAT the motion of plaintiff for leave to file an amended complaint should be, and it hereby is, granted and the clerk shall file the previously lodged amended complaint, and it is

FURTHER ORDERED THAT the motion of plaintiff for leave to file a reply memorandum should be, and it hereby is, granted and the clerk shall file the previously lodged reply memorandum, and it is

FURTHER ORDERED THAT the motion of plaintiff for a protective order should be, and it hereby is, granted and the answers to interrogatories 9, 10, 11, 12, 13, 26, 27, 28, and 29 of defendants' first interrogatories to plaintiff shall be furnished only to defendants and their counsel; the answers to said interrogatories filed with the Court shall be done so under seal; and the defendants shall make no use whatsoever of said answers for any purpose except

preparation for and participation in trial of this case, and it is

FURTHER ORDERED that the motion of the individual defendants for summary judgment should be, and it hereby is, overruled.

IT IS SO ORDERED.