FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

MERCANTILE NATIONAL BANK OF CHICAGO, William H. Ahern, Edward U. Bevilacqua, Gerald K. Bevilacqua, Thomas P. Bevilacqua, Chicago Helicopter Industries, Inc., Helicopter Air Services, Inc., John S. Gleason, Wallace E. Carroll, Richard O. Curtis, Michael Whelan, Mercantile National Bank of Chicago as executor of the estate of Leonard B. Ettelson, James R. Frankel, Elkee Corporation, Defendants.

No. 77–1780.

United States District Court,
N. D. Illinois, E. D.

Nov. 8, 1979.

Richard Makarski and Mark P. Cohen of Chapman & Cutler, Chicago, Ill., for plaintiff.

Donald J. Parker of Gann, McIntosh, Flaherty & Parker, Robert V. Hogan of Quinn, Jacobs & Barry, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

*Motion to Vacate, Motion to Compel Discovery, and Motion to Quash or Modify Subpoena and for a Protective Order*

This action, commenced by Drovers National Bank of Chicago (Drovers), is

brought pursuant to 28 U.S.C. §§ 1331 and 1337. Plaintiff alleges, *inter alia*, that defendants engaged in deceptive conduct violative of the federal securities laws in connection with a participation agreement (the "agreement") between Drovers and defendant Mercantile National Bank of Chicago (Mercantile). Pursuant to the agreement, Drovers reimbursed Mercantile to the extent of 1.9 million dollars for a 2.8 million dollar loan made by Mercantile to defendants William Ahern, Thomas P. Bevilacqua, Edward V. Bevilacqua, Gerald K. Bevilacqua, and Lucia Bevilacqua (the "Bevilacqua Group"). The purpose asserted by Mercantile for the loan to the Bevilacqua Group was to enable them to form a holding company to acquire the capital stock of The First State Bank of Northern California (First State Bank). Plaintiff alleges that the actual, undisclosed purpose of the Mercantile-Bevilacqua Group transaction was to enable certain persons in control of Mercantile to obtain loans from First State Bank in violation of the federal securities laws and Mercantile's alleged fiduciary duty to plaintiff. By order of this Court, dated February 22, 1978, the Federal Deposit Insurance Company (FDIC) was substituted for Drovers as plaintiff. *Drovers National Bank of Chicago v. Mercantile National Bank of Chicago*, Civ. No. 77–1780 (N.D.Ill., Feb. 22, 1978).

Pending before the Court are several motions pertaining to the conduct of discovery. Mercantile has filed a motion to vacate this Court's order of June 12, 1979 compelling Mercantile to respond to certain interrogatories. *Federal Deposit Insurance Corp. v. Mercantile National Bank of Chicago*, Civ. No. 77–1780 (N.D.Ill., June 12, 1979). Defendants Mercantile, Chicago Helicopter Industries, Inc., and Helicopter Air Service, Inc. (hereinafter collectively referred to as the "defendants") have filed a joint motion to quash a subpoena duces tecum served upon Arthur Andersen & Co., defendants former accountant, or, in the alternative, to modify the subpoena and for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff, on the other hand, has moved pursuant to Rule 37(a) of the Federal Rules of Civil Procedure to compel testimony and the production of documents pursuant to its subpoena.

### Mercantile's Motion to Vacate

Mercantile seeks to have this Court set aside its order of June 12, 1979 compelling Mercantile to answer interrogatories two through six of plaintiff's fourth set of interrogatories. These questions are designed to learn if Mercantile made any loans other than those to the Bevilacqua Group during the period from January 1, 1960 through May 21, 1976 to persons residing in, incorporated in, or having its principal place of business in California. Plaintiff asserts that this information is relevant in that, plaintiff alleges, it will reveal no loans to a California individual or entity other than those made to the Bevilacqua Group and will therefore suggest that Mercantile had an improper purpose in making the loans to the Bevilacqua Group.

Mercantile disputes the relevancy of plaintiff's request arguing that the information is not probative of whether defendants made any false statements or material omissions in connection with Drover's involvement in the agreement. Mercantile also claims that since it destroys its credit files seven years after they become closed, information provided in response to plaintiff's fourth set of interrogatories would be of an incomplete nature and therefore unfair to Mercantile.

The other ground of objection presented by Mercantile is that to answer plaintiff's interrogatories would be unduly burdensome to Mercantile. In support of this objection, Mercantile claims that if it is compelled to answer it would have to audit approximately 12,000 open and closed credit files and would thereby incur considerable expenses and have to divert some of its employees away from their normal duties.

First, the Court agrees with plaintiff that the objected to interrogatories are relevant. Rule 33(b) of the Federal Rules of Civil Procedure provides, in pertinent part that "[i]nterrogatories may relate to

any matters which can be inquired into under Rule 26(b)". Rule 26(b)(1) provides, in pertinent part, that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." It is well-settled that the concept of relevancy is broadly construed at the discovery stage of an action, e. g., *Balistrieri v. O'Farrell*, 57 F.R.D. 567 (E.D.Wis.1972), and that the discovery rules are to be accorded a liberal treatment. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Specifically, the Court believes that the information sought by plaintiff may be probative of Mercantile's purpose in engaging in the loans to the Bevilacqua Group and that Mercantile's purpose is material to plaintiff's claims. Although the probative value of the pre-1972 records will be diminished to the extent that Mercantile's credit files for that period have been destroyed, the probative value of the 1972–76 records is alone sufficient to sustain the relevancy of plaintiff's interrogatories.

■■ Concerning Mercantile's argument that compliance with plaintiff's interrogatories will be unduly burdensome, the Court begins with the proposition that the fact that a party will be put to some trouble and expense in the process of answering interrogatories is not alone a sufficient ground for objection. *Flood v. Margis*, 64 F.R.D. 59, 61 (E.D.Wis.1974). An objection to a set of interrogatories on the ground that compliance would be unduly burdensome will only be sustained if the objecting party establishes that the burden upon him outweighs the benefit the information would provide to the party submitting the interrogatories. *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975). In the instant case, the Court is unconvinced that Mercantile has met its burden in this respect. In this connection, the Court notes that Mercantile might be able to invoke Rule 33(c) of the Federal Rules of Civil Procedure as an alternative to having its employees search its credit files, provided no insurmountable confidentiality problems arise as a result thereof.

Accordingly, Mercantile's motion to vacate the Court's order of June 12, 1979 is hereby denied and Mercantile is hereby ordered to answer plaintiff's fourth set of interrogatories by December 14, 1979. Further, Mercantile is hereby ordered, pending its answering of plaintiff's fourth set of interrogatories, to cease destroying its closed files.

### Defendants' Motion to Quash or, in the Alternative, to Modify and for a Protective Order and Plaintiff's Motion to Compel

The Court now turns to the motions made by the parties concerning the subpoena plaintiff has served, pursuant to Rule 45 of the Federal Rules of Civil Procedure, upon Arthur Andersen & Co. and its employee, James Friedlieb for testimony and the production of documents. The subpoena requests the taking of a deposition and that Mr. Friedlieb bring with him to the deposition "any and all documents, including but not limited to, worksheets, diary of work done, memoranda for files, general correspondence, audits, and examinations, relating, referring or containing information concerning any audits or other examinations" of defendants. Defendants' Motion, Exhibit A.

Defendants argue that plaintiff's request is not sufficiently specific, see Fed.R.Civ.P. 45, and that the Illinois accountant privilege bars disclosure of the requested material. Ill.Rev.Stat. ch. 111, § 5533. Defendants request that the subpoena be quashed or that, in the alternative, the subpoena be modified and an appropriate protective order be entered preserving the asserted confidentiality of the requested material. Plaintiff has, pursuant to Rule 37(a), moved to compel compliance with its subpoena.

The Court considers the Illinois accountant privilege issue first. Ill.Rev.Stat. ch. 111, § 5533 provides that: "[a] public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant." Rule 501 of the Federal Rules of Evidence provides:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

■ It is well-settled that federal law does not recognize the existence of an accountant's privilege. *Mitsui & Co. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72 (D.P.R.1978). Counts I and II of plaintiff's complaint assert causes of action arising under the federal securities laws, whereas Counts III and IV assert state law causes of action based upon the doctrine of pendent jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ At the outset the Court notes that defendants have no standing to assert the Illinois accountant privilege in this action since the privilege is personal to the accountant. *Dorfman v. Rombs*, 218 F.Supp. 905 (N.D.Ill.1963). However, the Court must nonetheless address the issue herein since the record reveals that Arthur Andersen & Co. has invoked the privilege in the instant case.[1] Plaintiff's Motion to Compel, Exhibit C.

■ Rule 501 makes a federal-nonfederal bifurcation concerning the applicability of privileges. Consequently, because the instant complaint pends state law claims to federal law claims, the Court is faced with a problem of "dual privileges." 10 Moore's

Federal Practice §§ 501.06, 501.08. Further, the problem is particularly keen here since it appears that both sets of claims are necessarily subject to the same types of proof. In short, the facts of the instant discovery dispute illuminate a clear conflict in the policies expressed in Rule 501 of the Federal Rules of Evidence. The only guidance the Court has unearthed concerning resolution of this conflict is found in the legislative history of the adoption of the Federal Rules of Evidence, wherein the Senate Judiciary Committee stated:

> If the rule proposed here results in two conflicting bodies of privilege law applying to the same piece of evidence in the same case, it is contemplated that the rule favoring reception of the evidence should be applied. This policy is based upon the present rule 43(a) of the Federal Rules of Civil Procedure which provides: In any case, the statute or rule which favors reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made.

Sen.Rep. No. 1277, 93d Cong., 2d Sess. (1974), *reprinted in*, [1974] U.S.Cong. & Admin.News, pp. 7051, 7059 n. 17. Such an approach has been criticized as being too "blunt", 10 Moore's Federal Practice § 501.-08, however, the Court agrees that the federal policy favoring the admission of evidence is a sound one. Accordingly, the Court holds that where information sought pursuant to discovery is relevant to federal claims, the Illinois accountant privilege will not be recognized, notwithstanding that the same information is relevant to claims founded upon Illinois law.

Defendants also contend that the subpoena is "without limitation in either time or scope." Defendants' Memorandum, p. 5. As to the first element of this objection, the record reflects that, pursuant to Rule 12(d)

---

1. The only ground thus far asserted for invocation of the accountant privilege by Arthur Andersen & Co. is that defendants have not yet authorized it to waive the privilege. Plaintiff's Motion to Compel, Exhibit C. However, Ill. Rev.Stat. ch. 111, § 5533 is absolute on its face and, therefore, does not establish any standard as to what grounds are necessary in order to invoke the privilege.

of the General Rules for the Northern District of Illinois, plaintiff has agreed to a specific time period—*i. e.*, 1973 through 1976—to be covered by their request. Plaintiff's Reply, Exhibit 1. The Court therefore considers plaintiff's request, as amended, to be sufficiently specific as to time.

 However, the Court agrees with defendant that the subpoena is lacking in specificity as to its scope. Although the Court acknowledges that some leeway in description is permissable and, indeed usually necessary, *Matter of Chopnik*, 6 Fed.R. Serv. 45b.413 (S.D.N.Y.1942), plaintiff's request does not exhibit any particular nexus to the issues raised by its complaint. *See Demeulenaere v. Rockwell Manufacturing Co.*, 13 F.R.D. 134 (S.D.N.Y.1952). Accordingly, if plaintiff wishes to pursue its discovery of information in the possession of Arthur Andersen & Co. it shall submit to this Court for its approval by November 20, 1979 a modified version of its subpoena which is not inconsistent with this opinion and includes the limitation as to time which it has heretofore agreed to.

 Defendants request that in the event their motion to quash is denied, that the Court enter a protective order that all documentary and testimonial information obtained be taken under seal, subject to release only on order of the Court and that access be limited to counsel of record and only be used for the purposes of this proceeding. Defendants' Motion, p. 2–3. Plaintiff has voiced no objection to this request and, accordingly, the Court will enter such a protective order upon approval of plaintiff's appropriately modified subpoena. *Alloy Cast Steel Co. v. United Steelworkers of America*, 70 F.R.D. 687 (N.D.Ohio 1976).

In conclusion, for the reasons set forth above, defendant Mercantile's motion to vacate is denied and Mercantile is hereby ordered to answer plaintiff's fourth set of interrogatories by December 14, 1979 and to cease destroying its closed credit files until such answers are submitted. Plaintiff's motion to compel is taken under further advisement pending its submission of a sub-poena modified according to the findings of this opinion. Finally, defendants' joint motion for a protective order is granted in the form above stated and will enter upon this Court's approval, if forthcoming, of a modified version of the subpoena served by plaintiff upon Arthur Andersen & Co.