CERTAIN–TEED CORPORATION,
Plaintiff,

v.

UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, LOCAL 37A, et al., Defendants.

Civ. A. No. 79–937.

United States District Court,
M. D. Pennsylvania.

Jan. 11, 1980.

Lewis S. Kunkel, Jr., Harrisburg, Pa., J. Anthony Messina, Lawrence S. Coburn, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

Daniel P. McIntyre, Pittsburgh, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

In our memorandum and order of January 3, 1980 we noted that Defendants' motion to dismiss this matter became ripe after the parties conducted their depositions in December, 1979. We will now consider that motion. We must treat as fact, in our consideration of any motion to dismiss, all properly pleaded allegations of the non-moving party. Plaintiff herein alleges that the individual Defendants, acting in their personal and individual capacities, brought on a work stoppage. This stoppage allegedly breached a no-strike clause in a collective bargaining agreement negotiated between Plaintiff Certain-Teed and Defendant Steelworkers Union. The individual Defendants are members and officers or stewards of the Defendant Union.

The motion to dismiss presently before us has been filed by the individual Defendants only. Alleging "virtual unanimity of authority", they claim that 29 U.S.C. § 185 prohibits suits against individuals for damages arising from a breach of a collective bargaining agreement. Defendants provide us with excerpts of the legislative history of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 and argue that it indicates a clear intent to exempt individuals from liability for breaches of the collective bargaining agreement.

The bulwark of Defendants' argument stems from a decision of the Seventh Circuit granting a motion identical to Defendants' in *Sinclair Oil Corporation v. Oil, Chemical and Atomic Workers International Union*, 452 F.2d 49 (7th Cir. 1971). The *Sinclair* court ruled that individual union members are not individually liable for damages resulting from their violation of the collective bargaining agreement even when said violation is in defiance of direct orders of the union. The *Sinclair* court determined that its decision covered the issue expressly reserved by the United States Supreme Court in *Atkinson v. Sinclair Refining Company*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).[1]

The *Atkinson* court specifically restricted the scope of its decision and held only "that when a union is liable for damages for violation of the no-strike clause, its officers and members are not liable for those damages." 370 U.S. at 249, 82 S.Ct. at 1325. The Seventh Circuit, on the other hand, examined the personal liability of union members when the union is *not* liable for damages.

Plaintiff argues that when a union cannot be held liable for damages because the breach of the agreement was performed by individual members of the union and was not a concerted union action, it is proper to hold those members individually liable. Plaintiff refers us to no circuit opinions expressly supporting its position, but does list a number of district courts who have issued opinions subsequent to the *Sinclair* decision that refuse to exempt individual union members from personal liability for violating a collective bargaining agreement.

---

1. To the extent that decisions preceding *Sinclair* ruled that *Atkinson* prohibited all recovery for damages from individual union members, they are clearly incorrect. *See, e. g., Jersey Farms Milk Service, Inc. v. Amalgamated Meat Cutters & Butcher Workmen of North America, AFL–CIO*, 297 F.Supp. 1098 (M.D. Tenn.1969); *Fifth Avenue Coach Lines, Inc. v. Transport Workers of America, Local 100*, 235 F.Supp. 842 (S.D.N.Y.1964).

*See, e. g., Alloy Cast Steel Company v. United Steel Workers of America,* 70 F.R.D. 687 (N.D.Ohio 1976); *New York State United Teachers v. Thompson,* 459 F.Supp. 677 (N.D.N.Y.1978).

The latter decision particularly is persuasive to us. The court in *Thompson* carefully examined the holding and reservation of the Supreme Court in *Atkinson,* the *Sinclair* extension of *Atkinson,* and the *Alloy Cast Steel* decision. The court concluded that section 301 embodied a broad legislative concern "to establish a procedure for enforcing collective bargaining agreements by or against the parties that are bound by them." 459 F.Supp. at 684. The court ordered that the motion to dismiss the action against individual union members must be denied because the individual union members are themselves bound by the contract.

We note that we are without specific authority of either the Supreme Court or the Third Circuit on this question. Although our circuit referred favorably to *Sinclair* in *Republic Steel Corporation v. United Mine Workers of America,* 570 F.2d 467, 478 (3d Cir. 1978), it reviewed the liability of individual officers for the union's actions and did little more than adopt the *Atkinson* position. We believe that the legislative intent behind section 301 was not to insulate individual employees of a company from liability for disruptions they cause by improper work stoppages. In this belief we follow the reasoning of the court in *New York State United Teachers v. Thompson, supra,* 459 F.Supp. 677 (N.D.N.Y.1978).