**HAMBRO AUTOMOTIVE CORPO-
RATION**

v.

**UNITED STATES.**

**C.R.D. 74–11; Court Nos. 70/55539, etc.**

United States Customs Court.
Sept. 30, 1974.

Alan S. Hays, New York City for plaintiff.

Carla A. Hills, Asst. Atty. Gen., (Velta A. Melnbrencis, New York City, trial atty.), for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

Plaintiff has moved to compel defendant to provide further answers to certain of plaintiff's interrogatories and to produce certain requested documents.

▇ Plaintiff's interrogatory number 10 asks for the date upon which a letter written by the Acting Commissioner of Customs and dated September 20, 1960, was transmitted to all ports on the Customs Information Exchange. Defendant first responded by referring to a previous answer in which it acknowledged the transmission of the letter to the ports,of Houston, San Francisco and Chicago, indicated ignorance of the exact date and, although obliquely admitting the transmission to all ports, objected to responding with respect to all 46 customs districts. In a supplemental response, defendant indicated that the letter in question was transmitted to all ports on the Customs Information Exchange via CIE 1331/57 Suppl. No. 1, dated September 26, 1960.

It is clear from plaintiff's motion that it was not aware of defendant's supplementary response when it made its motion to compel. Defendant's supplementary response is properly responsive and plaintiff's motion to compel an answer with respect to interrogatory number 10 must accordingly be denied.

▇ Plaintiff's interrogatory number 20 asks for the detailed duties of the U. S. Appraiser of Merchandise as of November 2, 1960. Defendant responded by citing the relevant statute and regulations, i. e., 19 U.S.C. § 1500 and part 14 of C.F.R. Since the "U. S. Appraiser" was the appraiser at the port of New York, this response is adequate and as precise as warranted by plaintiff's interrogatory. Accordingly, plaintiff's motion must be denied as to this interrogatory as well.

▇ Plaintiff's interrogatory number 25, asks whether a letter from the U. S. Appraiser to the Director of Export Finance for British Motor Corporation was transmitted to any other port by means other than the CIE. Defendant stated in its supplementary response that, although a copy of the letter in question was in the files at the ports of Houston and San Francisco, it could not determine how and when such copies had been transmitted. Although this answer may be disappointing to plaintiff, it is responsive and an order to compel a further answer is not justified.

▇ In its supplementary response to interrogatories 28 and 29, defendant has supplied the names of certain customs examiners who may have been involved in the processing of the entries in dispute at the ports of Houston, San Francisco and Chicago. This was in response to plaintiff's request for the name of each person in those ports who was involved with processing the entries involved at those ports. Under the circumstances and without greater precision in the interrogatory, I consider this an adequate response.

▇ Plaintiff's 14th and 17th requests, related to the production of documents, request the defendant to produce documents which support defendant's position that the actions of which plaintiff complains were matters of construction of the law and not clerical errors, mistakes of fact or other inadvertencies. Since defendant has made it plain that its position is based on its

evaluation of the notices or communications made by plaintiff and not on the basis of any special documents in defendant's possession, plaintiff's motion is without merit as to these two requests.

The final request in dispute is number 4 in which plaintiff requested copies of all communications among the various ports and among the Bureau of Customs and any port or official thereof during the time periods covered by the complaint and concerning the entries set forth in exhibit A to the complaint.

Defendant supplied what it considered to be all non-privileged communications between the ports of Houston, San Francisco, Chicago and Washington headquarters but objected to communications prepared for this litigation on the ground of attorney-client privilege and communications expressing opinions on the ground of executive privilege. Plaintiff has disclaimed any desire for documents covered by the attorney-client privilege so that the dispute centers on the other communications within the Bureau of Customs regarding the entries under litigation and concerning which defendant has asserted executive privilege.

For the procedural reasons set out hereinafter, I will grant plaintiff's motion as to its request number 4.

■ It must be kept in mind that executive privilege as it is relevant here, is asserted within the framework of the judicial process. It is a marked exception to the general rule that all evidence ought to be available for a trial. As the Supreme Court recently stated, "Whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth. [Footnote omitted.]" United States v. Nixon, —— U.S. ——, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (July 24, 1974).

■ In this context I would add that considering the exceptional nature of executive privilege when asserted in a judicial proceeding it should be claimed in a definitive and authoritative manner. In other words, it should be plain that the privilege is being asserted pursuant to the will of the party for whose protection it exists and concerning specifically identifiable material and not in a merely tactical or reflexive manner by counsel.

■ Since the privilege may be waived, even the presence of all the theoretical requirments for the validation of executive privilege may be irrelevant. I cannot accept the mere advancement of an argument by the Department of Justice for executive privilege as an *assertion* of executive privilege or even treat it as an "informal" claim, a hybrid form to the creation of which I do not wish to contribute. A privilege is either claimed or waived. An "informal" claim can only lead to an "informal" opinion which is advisory in nature and contrary to judicial practice.

By logic and law, I believe that without express authorization the Department of Justice can no more assert executive privilege on behalf of another department of the executive branch than it can testify for another department.

■ The appropriate authority in the department concerned must make a direct assertion of executive privilege in writing to the court and identify with a reasonable degree of precision the items concerning which privilege is asserted. This is the very least which can be demanded to insure both that the privilege is being genuinely and thoughtfully asserted and that the trial judge is sufficiently informed to rule on the matter.

Procedurally speaking, I have in mind the decision in United States v. Reynolds, 345 U.S. 1, 10–11, 73 S.Ct. 528, 533, 97 L.Ed. 727, in which the Supreme Court stated as follows:

* * * On the record before the trial court it appeared that this accident occurred to a military plane which had gone aloft to test secret electronic equipment. Certainly

there was a reasonable danger that the accident investigation report would contain references to the secret electronic equipment which was the primary concern of the mission.

Of course, even with this information before him, the trial judge was in no position to decide that the report was privileged until there had been a formal claim of privilege. Thus it was entirely proper to rule initially that petitioner had shown probable cause for discovery of the documents. Thereafter, when the formal claim of privilege was filed by the Secretary of the Air Force, under circumstances indicating a reasonable possibility that military secrets were involved, there was certainly a sufficient showing of privilege to cut off further demand for the documents on the showing of necessity for its compulsion that had then been made.

■ It seems apparent to me that if the court is to make a clear and dispositive decision, a fundamental requirement is that the assertion of privilege be clear and definite. I have no desire to exalt formality for its own sake. However, the principle that issues raised before a court ought to be raised in a manner which leaves no doubt as to the nature and definition of the dispute deserves to be exalted since this lends a precision and conclusiveness to a court's findings which is often lacking in less circumscribed proceedings. Procedurally, there is no reason for the court to go further into this area of privilege unless and until it is convinced that privilege is definitely being asserted by the proper party.

For this reason alone plaintiff's motion to compel defendant to produce the documents requested in its request number 4 shall be granted. It is therefore,

Ordered that plaintiff's motion as regards its request number 4 be, and the same hereby is, granted, and it is further

Ordered that plaintiff's motion is regards the remaining interrogatories and requests be, and the same hereby is, denied.