COMMERCIAL UNION INSURANCE COMPANY OF AMERICA, a corporation, Successor by merger and name-change to Commercial Union Insurance Company of New York, Plaintiff,

v.

TALISMAN, INC., a corporation, et al., Defendants.

No. 71 C 132(3).

United States District Court, E. D. Missouri, E. D.

Oct. 31, 1975.

Bernard A. Reinert, David M. Duree, Kennedy, Leritz & Reinert, St. Louis, Mo., for plaintiff.

Leonard D. Vines, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon the motion of the plaintiff to compel the taking of the deposition of defendant's accountant, Burleigh L. Coombes, and defendant, Ben F. Caloia.

At his deposition, Mr. Coombes refused to testify, and asserted the accountant/client privilege enacted pursuant to § 326.151, R.S.Mo., 1969.

■ It is plaintiff's contention that such a State created privilege is not applicable in Federal Courts. Defendant's assertion is not well taken, in light of the recent enactment of Federal Rule of Evidence 501. That rule states in pertinent part that:

> . . . in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

The legislative history of Rule 501 indicates that in diversity actions such as the one presently at bar, State created evidentiary privileges may be asserted. Notes of Committee on the Judiciary, House Report No. 93–650, citing *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551 (2nd Cir., 1967).

Accordingly, plaintiff's motion to compel discovery as to Burleigh L. Coombes will be denied.

■ The Court notes in regard to the motion of the plaintiff to compel discovery from defendant, Ben F. Caloia, that the notice of deposition and subpoena pursuant thereto, were returned non est to the plaintiff by the United States Marshal. Since the plaintiff has failed to comply with the provisions of Federal Rule of Civil Procedure 30(b), a motion to compel discovery is not proper. In consequence,

It is hereby ordered that plaintiff's motion to compel discovery be and is denied.