**Margaret K. BELKE, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER AND SMITH, Frank Utermehle, Robert Fisher, Edward C. Weizer, G. William Rolls and Leigh Rolls, Defendants.**

**No. 77–2837–Civ–JLK.**

United States District Court, S. D. Florida.

June 23, 1978.

James F. Gilbride, Miami, Fla., for plaintiff.

Daniel V. Ligman, Coral Gables, Fla., Bennett Falk, Walton, Lantaff, Schroeder & Carson, Miami, Fla., for defendants.

## ORDER DENYING MOTION TO QUASH

JAMES LAWRENCE KING, District Judge.

This cause arose upon the motion of plaintiff to quash the subpoena duces tecum issued John H. Rockel and the notice of deposition directed at him. The court, having carefully considered the record, finds and concludes that the motion should be denied.

Plaintiff asserts that under Pennsylvania law, John Rockel, a certified public accountant, may invoke the accountant-client privilege. However, despite the existence of such a privilege under state law, this court need not permit the invocation of that privilege in a federal question case. The case *sub judice* involves a matter arising under the Federal Securities laws and is not a diversity jurisdiction matter. Therefore, Judge Weinstein's comments are highly appropriate to a resolution of this question:

> As drafted by the Advisory Committee, Rule 501 was in accord with usual practice, predating the rules of evidence, in refusing to honor state privileges in action predicated on federal law.

Weinstein and Berger, 2 *Weinstein's Evidence* ¶ 501[03].

Thus, in deciding the propriety of an invocation of state privilege in a federal question suit, this court may not rely on the state privilege per se. There must be a counterpart recognized by the federal courts or else such privilege fails. With regard to the accountant-client privilege, federal courts have expressly indicated that such a privilege does not have a basis in federal law. For example, the Supreme Court, in *Couch v. United States*, 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973), noted that

> no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases.

That the case *sub judice* is grounded upon federal question jurisdiction, not diversity jurisdiction, may be readily deduced from plaintiff's own complaint:

> The Court has jurisdiction of this action under and by virtue of Sections 27 (15 U.S.C. Section 77(aa)[78aa]); 10 (15 U.S.C. Section 78(j)[78j]); 15(c)(1)–(2) (15 U.S.C. Section 78(*o*)(1)–(2)[78*o* (c)(1, 2)]) . . . [several other federal statutory sections] . . . and Regulation T912 C.F.R. 220 of the Federal Reserve Board as well as pendent claims under the common law of the state of Florida.

Therefore, it is

ORDERED and ADJUDGED that the motion to quash be denied.