In the Matter of Eugene E.
MORI, Debtor.

Bankruptcy No. B–79–00895.

United States Bankruptcy Court,
S. D. Florida.

Oct. 26, 1979.

David M. Goldstein, McMahon & Goldstein, North Miami, Fla., for debtor.

Alan Rosenthal, Milledge & Hermelee, Miami, Fla., for Hartz Mountain Industries, Inc. and Hartz Mountain Development Corp.

## ORDER COMPELLING PRODUCTION BY DEBTOR'S ACCOUNTANTS

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause having come on to be heard on the Motion to Compel of Hartz Mountain Industries, Inc. and Hartz Mountain Development Corp. (Hartz) seeking answers to questions propounded upon oral examination to, and production of documents from, Rachlin & Cohen, the Debtor's accountants, and the Court having reviewed memoranda filed on behalf of Hartz and the Debtor and having heard argument of counsel, the Court hereby finds:

### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C.A. § 1471, Rule 737, Rules of Bankruptcy Procedure and Rule 37, Federal Rules of Civil Procedure.

### BACKGROUND

On April 19, 1979, Eugene E. Mori filed a Petition under Chapter XII of the Bankruptcy Act in the United States District Court for the District of New Jersey [*In the Matter of Eugene E. Mori*, Debtor, No. B–79–00895].

Hartz Mountain Industries, Inc. is a New York corporation with its principal place of business in Secaucus, New Jersey, and is a creditor of the Debtor, Mori. Hartz Mountain Development Corp. is a New Jersey corporation with its principal place of business in Secaucus, New Jersey, and entered into a contract to purchase approximately one hundred fifty (150) acres of vacant land in Secaucus, New Jersey, from Mori. Hartz Mountain Development Corp. is the assignee of Hartz Mountain Industries, Inc. under this contract to purchase land.

On May 17, 1979, Hartz moved to dismiss Mori's Petition claiming, *inter alia*, that Mori is not insolvent or unable to pay his debts as they mature.

In support of its Application to Dismiss, Hartz was attempted to conduct discovery regarding the assets, liabilities and income of Eugene E. Mori. On August 14, 1979, Leonard I. Safra, appeared for deposition in response to a Subpoena *duces tecum* served upon Rachlin & Cohen, a firm which has performed accounting services for Mori. Safra is a partner in Rachlin & Cohen. The Subpoena *duces tecum* sought, among other

things, the production of documents relating to the assets, liabilities and income of Eugene E. Mori.

Following certain introductory questions, Safra was admonished by counsel for Mori to refuse to answer questions or produce documents relative to his client and Safra did so refuse, claiming a blanket privilege under Section 473.141, Florida Statutes.[1]

## APPLICABLE LAW

Pursuant to 11 U.S.C.A. §§ 323 and 521, a voluntary Debtor is required to disclose, in full, his assets, liabilities and income, in order to invoke the jurisdiction of the Federal Court.

Rule 501, Federal Rules of Evidence, governs the applicability of a privilege in a Federal proceeding:[2]

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

The issue is, therefore, whether or not this Court is governed by "the principles of common law as they [have been] interpreted by the courts of the United States" or by the applicable Florida statute on privilege.[3]

The suggestion has been made that state law applies to a claim of privilege in a bankruptcy proceeding. See: Advisory Committee Note to Rule 501, Federal Rules of Evidence; 11 Moore's Federal Practice § 501 App. [6]; 2 Moore's Collier on Bankruptcy ¶ 21.13, p. 297 (14th Ed. 1961).

However, in the absence of case law construing Rule 501, resort must be made to the opinion of the United States Supreme Court in *McCarthy v. Arndstein*, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924):

"There is no provision [in the Bankruptcy Act] prescribing the rules by which the examination is to be governed. These are, impliedly, the general rules governing the admissibility of evidence and the competency and compellability of witnesses." 266 U.S. at 39, 45 S.Ct. at 17.

The "common law as interpreted by the courts of the United States" is clear:

"No confidential accountant-client relationship exists under federal law, and no state-created privilege has been recognized in federal cases." *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Falsone v. United States*, 205 F.2d 734 (5th Cir. 1953), *cert.* denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375.

Bankruptcy proceedings arise under, and are governed by, Federal law. Therefore, this proceeding does *not* involve "an element of a claim or defense as to which State law supplies the rule of decision."

---

1. Section 473.141, Florida Statutes, which provides for an accountant-client privilege has been repealed effective July 1, 1979, but has been replaced by Section 90.5055, Florida Statutes, in substantially the same form.

2. Rule 917, Federal Rules of Bankruptcy Procedure, makes the Federal Rules of Evidence applicable herein.

3. Section 90.5055, Florida Statutes, provides in pertinent part:

. . . (2) A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice.

(3) The privilege may be claimed by:

(a) The client . . . .

(e) The accountant, but only on behalf of the client. The accountant's authority to claim the privilege is presumed in the absence of contrary evidence.

The accountant-client privilege, if allowed in a voluntary bankruptcy proceeding, as to information relating to assets, liabilities and income of a voluntary Debtor, would severely prejudice creditors and destroy the concepts of full disclosure embodied in the Bankruptcy Act. The "light of reason and experience" as referred to in Rule 501, requires otherwise.

## CONCLUSION

The claim of accountant-client privilege asserted by Eugene E. Mori and Rachlin & Cohen is overruled.

Accordingly, Rachlin & Cohen and/or Leonard Safra, are hereby ordered to answer the questions propounded upon oral examination dated August 14, 1979, and to produce all documents, records and other information in their possession as delineated by counsel for Hartz during said oral examination. Rachlin & Cohen and/or Leonard Safra are hereby further ordered to disclose to Hartz any other information in their possession relating to the assets, liabilities and income of Eugene E. Mori.

The disclosure contemplated herein shall be completed no later than fifteen (15) days from entry of this Order.