### In re INTERNATIONAL HORIZONS, INC., Debtor.

### In re INTERNATIONAL HORIZONS (CURACAO), N.V., Debtor.

### In re NORTH AMERICAN EXPORTS, INC., Debtor.

### In re INTERNATIONAL HORIZONS, N.V., Debtor.

Nos. 81–01231A to 81–01234A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 24, 1981.

---

David G. Bisbee, Robert A. Parker, Jr., Bisbee & Parker, Dale M. Schwartz, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for debtors.

Jeffrey M. Smith, Trotter, Bondurant, Miller & Hishon, Atlanta, Ga., for Touche Ross & Co.

Dennis S. Meir, Kilpatrick & Cody, Atlanta, Ga., for Creditors' Committee.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the motion of Touche Ross & Co. (hereinafter "Touche") filed in opposition to the motion of the Committee of Unsecured Creditors (hereinafter "Committee") requesting an order compelling Touche, through its designated representative, to appear for a Bankruptcy Rule 205 examination and for the production of documents which Touche may have in its possession, custody or control that pertain to International Horizons, Inc., (hereinafter "IH"), its subsidiaries, or related entities, and to David N. Smith.

On July 8, 1981, this Court ordered Touche to appear for its Rule 205 examination and to produce the documents requested. On July 16, 1981, IH filed its motion for reconsideration and interim stay of the Order of July 8, 1981, asserting that the production of the documents requested from Touche would violate the accountant-client privilege and require Touche to release confidential tax information. The Court agreed to reconsider its Order and accordingly stayed the examination of Touche and the production of documents requested in the Committee's application.

The determination of whether a privilege is to be recognized by the federal courts is contained in Federal Rule of Evidence 501. Rule 501 states that:

"Except as otherwise required by the Constitution of the United States or provided by act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of

reason and experience. However, in civil action proceedings, with respect to an element of a claim or defense as to which state law supplies the rule of decision, the privilege of a witness, person, government, state, or political subdivision thereof shall be determined in accordance with state law."

The debtors have argued that state law should supply the rule of decision in the instant case and that Georgia law which recognizes an accountant-client privilege should be applied by this Court and, in the alternative, that this Court should find that the principles of the common law provide an accountant-client privilege.

In the instant case, the debtors have analogized a bankruptcy proceeding to a diversity proceeding with regard to the question of choice of laws. However, even in a diversity proceeding, where there is a federal rule regarding a procedural aspect of a case, that federal rule applies in the federal courts and thus supersedes any state law. For example, in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1964), the Supreme Court of the United States held that in a diversity case, service of process under the Federal Rules of Civil Procedure was sufficient even if service was inadequate under the state law which controlled, pursuant to *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), regarding substantive questions. It follows that if a diversity analysis were appropriate, to apply the federal law regarding an accountant-client privilege, this Court must find that this privilege is procedural in nature.

The outcome determinative test of *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1944) is used to decide whether an issue is procedural or substantive. The Supreme Court in *Guaranty Trust Co., supra*, stated that the test for determining whether state law is substantive in effect is if it significantly affects the results of litigation "for a federal court to disregard a law of a state that would be controlling in an action upon the same claim by the same parties in a state court." *Guaranty Trust Co.* at 109, 65 S.Ct. at 1470.

Arguably, every procedural variation is "outcome determinative" in that the failure to meet a specific procedural requirement could result in a party's inability to have his suit addressed on the merits. *Hanna, supra*, at 468, 85 S.Ct. at 1142. But, the Supreme Court in *Hanna* notes that "outcome determination" does not mean whether a case will be addressed on the merits, but rather what result should occur based on the evidence before the Court.

 Applying the above analysis to the instant case, this Court finds that the question of privilege in the Bankruptcy Court is a procedural question. "The basic rule of evidence is relevancy. A privilege works to keep relevant and otherwise admissible evidence from the trier of facts." 10 *Moore's Federal Practice*, § 500.01, p. V-2. The impact of privilege is on the method of proof in a case, and in comparison any substantive aspect appears tenuous. Federal Rule of Evidence 501 is based in part on the doctrine of *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Erie*, as later cases cited above have shown, properly distinguishes between the procedural and substantive effects of state law in a conflict of law analysis. Where there is federal law on a particular procedural subject, the federal law is controlling. For example, in *In re Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, the Supreme Court noted that "the federal system is an independent system for administering justice to litigants who properly invoke the jurisdiction." In the instant case, the power of the federal government to provide laws on the subject of bankruptcy is a specific grant within Article I of the United States Constitution. It follows that except where Congress has specifically incorporated state law within the Bankruptcy Code, such as with the questions of perfection of a security interest or the extent of a debtor's exemptions, federal law is controlling on a matter. *Lewis v. Capital Manufacturing Investments*, 78 F.R.D. 295 (1977). Thus, in the instant case it is not even a question of making a determination of whether the privilege question is procedural or substantive; but rather since bankruptcy law is

federal law, state privilege law need not be looked to. *In the Matter of Mori*, 1 B.R. 265, 5 B.C.D. 957 (Bkrtcy. S.C. S.D.Fla. 1979).

This raises the question of what is the federal law on the subject of the accountant-client privilege. There is no federal accountant-client privilege. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Lewis v. Capital Manufacturing Investments, supra.* In *Couch*, the issue before the Court was whether the privilege against self-incrimination attached to documents held by the defendant's accountant as a matter of course during the period 1955 to 1968 where the IRS was conducting a tax investigation with possible criminal consequences. The Court, addressing the petitioner's expectation of privacy in the documents stated that "no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases ..." *Couch* at 335, 93 S.Ct. at 619.

The *Lewis* case is more directly analogous to the case *sub judice* than *Couch*. In *Lewis*, a claim was brought by Lewis against Capital Manufacturing Investments (hereinafter "CMI") for violation of Rule 10(b)(5) of the Securities Laws. CMI's accountants, Coopers & Lybrand, moved for a protective order to prohibit discovery sought by a plaintiff through a notice to produce documents alleging an accountant-client privilege under the law of the forum state, Maryland. The Court in *Lewis* did not recognize an accountant-client privilege because the issues in *Lewis* were purely federal questions. In addressing Rule 501, the Court stated:

"As finally enacted by Congress, Rule 501 attempted to preserve the status quo by permitting the United States courts to apply privilege consistent with the mandate of *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny. See J. Weinstein & M. Berger, Weinstein's Evidence, p. 501[02] at 501–18. Contrary to defendant's position, Congress enacted the federal courts to apply federal law in federal question cases. This was explained in the bill's conference report:

'In nondiversity jurisdiction civil cases, federal privilege law will generally apply. In those situations where a federal court adopts or incorporates state law to fill interstices or gaps in federal statutory phrases, the court generally will apply federal privilege law. [Conference Report No. 93–1597, 1974, U.S. Code Cong. & Adm.News, 93rd Cong., 2nd Sess., p. 7098 at p. 7101].' "

Analogizing the case *sub judice* to *Lewis*, bankruptcy jurisdiction exists independent of any diversity jurisdiction and thus federal privilege law controls.

Therefore, IT IS ORDERED AND ADJUDGED that Touche Ross & Co. produce the documents requested by the Committee of Unsecured Creditors pursuant to the Order of this Court dated July 8, 1981.

IT IS FURTHER ORDERED AND ADJUDGED that the above-directed production of documents not contain any material which Touche Ross & Co. properly deems to be trade secrets. Any such determination by Touche is subject to the approval of the Court.

IT IS SO ORDERED.