UNITED STATES, PLAINTIFF *v.* KINGSHEAD CORP., DEFENDANT

Court No. 82–8–01145

(Dated February 12, 1988)

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division *(Elizabeth C. Seastrum)* and *Margaret Solinger,* Assistant Regional Counsel, U.S. Customs Service, for plaintiff.

*Shaw, Goldman, Licitera, Levin & Weinberg (Robert Goldman)* for defendant.

RAO, *Judge:* This civil action is before the Court on plaintiff's motion for an order compelling discovery and defendant's opposition thereto. On May 5, 1987 plaintiff served on defendant a second request for production of documents, specifically asking for:

> 1. All documents discussing, referencing, memorializing or pertaining in any manner to the Consent Judgment dated January 25, 1979, and signed by Judge Biunno of the United States District Court for the District of New Jersey, in the case of *United States of America* v. *$10,500.00 and A Letter of Credit In The Amount of $15,472.00,* Civil Action No. 78–672.

Defendant objected to the production of these documents on the grounds that the request is vague and overly broad and that it seeks

documents that are protected by the attorney-client privilege. Plaintiff claims that the defendant has waived the attorney-client privilege by asserting the affirmative defense that the civil penalties sought to be recovered in this civil action were the subject of the settlement agreement in the District Court case, *supra*. Defendant's attorney also claims that he has removed his offices to a new location and has not had an opportunity to unpack the files containing the documents being sought.

It is the opinion of the Court that the request for production of documents is not vague and overly broad, as it is limited to those documents in defendant's possession which relate to the consent judgment and a search for the pertinent files should not prove onerous or burdensome. Even though defendant's attorney has moved his office, it is now more than nine months since the request was made, and it is hoped that by the date of this order, defendant's attorney will be able to comply with the discovery request and produce any of defendant's documents in his possession which pertain to the settlement agreement.

The Court is not convinced that the attorney-client privilege has been waived by the affirmative defense of prior settlement of plaintiff's claim by an earlier consent judgment and would entertain a motion for a protective order as to those documents defendant would claim to be privileged. As to all other documents, however, the Court finds them to be discoverable under Rule 34 of this Court.

Our appeals court has discussed the various tests to be applied where privileges are asserted (particularly when the claim for a privilege is made by the plaintiff, not the case here) in *Zenith Radio Corp.* v. *United States*, 3 Fed. Cir. (T) 169, 764 F.2d 848 (1985). It discussed also the requirement that the party seeking the information make a strong showing of need in order to breach the privilege. *Zenith, supra* at 172. See also *Hambro Automotive Corp.* v. *United States*, 73 Cust. Ct. 236, 381 F.Supp. 1403, C.R.D. 74–11, in which this Court, speaking through Judge Watson, determined that there is a requirement that a showing must be made "that the privilege is being asserted pursuant to the will of the party for whose protection it exists and concerning specifically identifiable material and not in a merely tactical or reflexive manner by counsel."

Therefore, upon reading and filing plaintiff's motion to compel, upon defendant's opposition thereto, and upon all other papers and proceedings herein, it is hereby

ORDERED that plaintiff's motion to compel is granted in part and defendant is ordered to produce for inspection by plaintiff within 30 days from the date of this order all documents for which it does not specifically claim an attorney-client privilege. As to those *specific* documents for which it does claim a privilege, defendant should move for a protective order, which plaintiff can oppose by showing the necessity of their production.