SLIP-OP 02-13

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | | |
|---|---|---|---|
| | : | | |
| UNITED STATES | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | Before: | WALLACH, Judge |
| v. | : | Court No.: | 99-10-00638 |
| | : | | |
| OWATONNA RECOGNITION, INC. | : | | |
| | : | | |
| and | : | | |
| | : | | |
| LIN MEI CO., | : | | |
| | : | | |
| Defendants. | : | | |
| | : | | |

[Motion to Compel; Granted.]

Decided: February 12, 2002

Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director, International Trade Field Office; A. David Lafer, Senior Trial Counsel; Kent G. Huntington, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, for Plaintiff

William D. Outman, II, Baker & McKenzie, Washington, D.C., for Owatonna Recognition, Inc.

Steven L. Nelson, Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, Iowa, for Newton Company

## OPINION

**WALLACH, Judge**

## I

## PRELIMINARY STATEMENT

This is a civil penalties case in which the plaintiff United States (the "Government")

alleges that defendants Owatonna Recognition, Inc. ("Owatonna") and Lin Mei Co. ("Lin Mei") participated in a double-invoicing system that caused merchandise to be entered or introduced into the United States by means of material and false documents, resulting in the undervaluation of imported lapel pins and deprivation of the United States Customs Service ("Customs") of duties.

Pursuant to USCIT Rule 37, the Government moves for an order compelling Owatonna to fully respond to all outstanding discovery requests propounded by the Government. For the reasons set forth below, the court grants the Government's motion.

## II

## BACKGROUND

On December 22, 2000, the Government served upon Owatonna its first set of interrogatories and request for production of documents. Owatonna's response was due on January 22, 2001. Owatonna failed to respond by that date.

On June 4, 2001, the Government served upon Owatonna its second set of interrogatories and request for production of documents. Owatonna again failed to respond.

On July 20, 2001, the Government moved for an order compelling a response to its outstanding discovery requests. On August 20, 2001, Owatonna responded to the Government's motion by serving responses to the Government's first and second set of interrogatories and requests for production of documents.

On November 2, 2001, the Government sent a letter to Owatonna saying that its discovery responses were unresponsive, incomplete, or otherwise inadequate. On November 20, 2001, the Government sent Owatonna a letter noting that it had not received a response from Owatonna to the concerns raised in its November 2 letter. On December 7, 2001, the Government sent a third letter to Owatonna, again noting that it had not yet received a response. Owatonna responded to

2

the Government's letters on December 18, 2001.

Meanwhile, on November 30, 2001, the Government submitted its third set of interrogatories and request for production of documents. Before receiving Owatonna's responses to its third set of discovery requests, the Government, on December 18, 2001, filed Plaintiff's Request to Supplement [its] Pending Motion to Compel ("Plaintiff's Motion").

Owatonna filed its response to the Government's third set of interrogatories and request for production of documents on December 27, 2001, and its Defendant's Response to Plaintiff's Request to Supplement [its] Pending Motion to Compel ("Defendant's Response") on January 4, 2002.

# III

## ANALYSIS

Although, in some fashion and at some time, Owatonna has responded to all of the Government's outstanding discovery requests, the Government nevertheless complains that "Owatonna has: (1) refused to produce whole categories of documents; (2) refused to provide complete copies of documents and, instead, produced redacted versions absent any claim of privilege; and (3) refused to provide an [sic] complete responses to the interrogatories and served incomplete responses in their stead." Plaintiff's Motion at 3.

Based on these alleged inadequacies, the Government requests an order: (1) "compelling the production of the three sets of documents Owatonna has completely refused to produce [accounting general ledger information or computer records, Federal income tax records, filings made to the state of Iowa]"; (2) "compelling the production of redacted documents in their complete form, and all other documents in their entirety, including, but not limited to, Owatonna's board minutes from 1992 to present"; (3) "compelling Owatonna to provide an explanation of what type of search was conducted prior to representing that it has no documents

3

responsive to certain of [the Government's] requests, including the identity of the individual(s) who performed the searches, and an explanation of who performed the redactions made and the guidelines used"; (4) compelling Owatonna to fully identify Ms. Malone, to provide her present or last-known address, and to answer whether she was consulted by Owatonna in providing its response to [the Government's] requests"; and (5) "compelling Owatonna to fully respond to [the Government's] interrogatories requesting information regarding Owatonna's communication with, and services provided by, its sister subsidiary corporations, including but not limited to, Pella Plastics." Plaintiff's Motion at 13-14.

As noted, Plaintiff's Motion was filed with the court December 18, 2001 and Defendant's Response to Plaintiff's Third Set of Interrogatories and Requests for Production of Documents ("Defendant's Responses to the Third Set of Interrogatories") was filed December 27, 2001. Certain of the Government's requests were mooted by those responses. The court therefore addresses only those requests that are still relevant.

**A**

**Documents Owatonna Has Failed to Produce**

The Government urges the court to order Owatonna to produce "accounting general ledger information relating to the 74 import entries at issue or any computer records that support these accounting entries," "Federal income tax records or any materials that support the filings it made," and "filings [Owatonna] made to the state of Iowa from 1992 to present."[1] Plaintiff's Motion at 5.

---

[1] The Government's request for Owatonna's filings made to the Secretary of State of Iowa is now moot since Defendant's Response to the Third Set of Interrogatories addresses that request. See Defendant's Response to the Third Set of Interrogatories at 2.

4

# 1

## Accounting Records

The Government asserts that it requires "Owatonna's accounting records that relate to the 74 entries at issue, and any documents related thereto, because [it] has not received documentary evidence to support Owatonna's claim that it

> filed the documentation . . . with the Customs Service in the belief that Customs duties were assessable based on the prices charged by the various Taiwanese vendors who supplied the lapel pens to Lin Mei.  Ms. Beth Malone, who was formerly employed by defendant, has represented that she believed this to be the proper basis of valuation for the imported products.

Plaintiff's Motion at 5-6 (citations omitted).  Owatonna objects to the Government's request by questioning the relevance of the requested records.

Parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery. . . ." USCIT R. 26(b)(1).  "The concept of relevance for discovery purposes is extremely broad." Sellick Equip. Ltd. v. United States, 18 CIT. 352, 354 (1994).  "'It is not too strong to say that a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter of the action.'" Id. (emphasis added) (quoting AM Int'l, Inc. v. Eastman Kodak Co., 100 F.R.D. 255, 257 (N.D. Ill. 1981)).

Owatonna has made an argument that its documentation relating to the entries of subject merchandise is not false because Owatonna, or certain employees of Owatonna, believed that duties were assessable based on the value of the merchandise to be imported.  The documents requested by the Government are relevant to determining the value of the subject merchandise and assessing Owatonna's proffered defense as to why its import documentation is not false.  The Government thus may obtain such documents through discovery.

**2**

**Income Tax Materials**

In its second set of interrogatories, the Government directed Owatonna to "[d]escribe fully any and all communications between senior personnel or officers of Owatonna and Newton Corporation concerning the 74 entries at issue." Plaintiff's Second Set of Interrogatories and Request for Production of Documents to Owatonna Recognition, Inc. at 4. Owatonna responded, "As Owatonna Recognition operated as an independent corporation, there would not have been the need for interaction of Owatonna and Newton personnel as this situation was simply the administration of operating processes." Defendant's Response to Plaintiff's Second Set of Interrogatories and Request for Production of Documents ("Defendant's Response to Second Set of Interrogatories") at Interrogatory No. 5. In order to verify Owatonna's claim that it is an independent company, the Government requested Owatonna's Federal income tax filings. Owatonna has, however, "refused to produce any of its Federal income tax records or any materials that support the filings it made." Plaintiff's Motion at 5.

Owatonna objects to the Government's request on a number of grounds. First, Owatonna maintains that it does not file a Federal income tax return, but rather files a consolidated return with Newton Manufacturing Company. Second, Owatonna argues that tax return information is available to the U.S. Customs Service only by a specific request for such information in accordance with section 6103 of the Internal Revenue Code, entitled "Confidentiality of Returns." See 26 U.S.C. § 6103(l)(14).[2] Finally, Owatonna claims that the Government's

---

[2] Section 6103 of the Tax Code is intended to protect tax information from disclosure by the government. In re International Horizons, Inc., 16 B.R. 484, 485-87 (Bankr. N.D. Ga. 1981), aff'd, 689 F.2d 996 (11th Cir. 1982). The portion of section 6103 cited by Owatonna is as follows:

(14) Disclosure of Return Information to United States Customs Service.–The Secretary may, upon written request from the Commissioner of the United States Customs Service, disclose to officers and employees of the Department of the Treasury such return information with respect to

"request for information has no founding." Defendant's Response, Exhibit C (Letter to Mr. Huntington From Mr. Outman Dated December 18, 2001).

"Although tax returns . . . are made confidential within the government bureau, Internal Revenue Code of 1954, §§ 6103, 7213(a), copies in the hands of the taxpayer are held subject to discovery." St. Regis Co. v. United States, 368 U.S. 208, 218-19, 7 L.Ed.2d 240, 249, 82 S.Ct. 289, 296 (1961). The Government has a legitimate interest in the tax returns as evidence relating to whether Owatonna is in fact an independent company. Owatonna's Federal income tax returns or materials made in support of its filings, be they single or consolidated with Newton Company's, are therefore properly discoverable.

# B

## Redacted Information

Regarding the documents Owatonna has produced or made available for production, the Government complains that instead of producing complete productions, "Owatonna has decided to selectively produce a limited set of documents, e.g., its board minutes, which it has redacted absent any claim of privilege. Moreover, whited-out versions have been provided without any explanation of who performed the redactions made and without any explanation of the guidelines, if any, that were used to create the documents redacted." Plaintiff's Motion at 8

---

taxes imposed by chapters 1 and 6 as the Secretary may prescribe by regulations, solely for the purpose of, and only to the extent necessary in–

(A) ascertaining the correctness of any entry in audits as provided for in section 509 of the Tariff Act of 1930 (19 U.S.C. 1509), or

(B) other actions to recover any loss of revenue, or to collect duties, taxes, and fees, determined to be due and owing pursuant to such audits.

26 U.S.C. § 6103(l)(14).

(citations omitted). The Government requests "the production of the redacted documents in their complete form, and all other documents in their entirety, including, but not limited to, Owatonna's board minutes from 1992 to present." Id. at 9. In response, Owatonna argues that "any redacted information has been 'whited-out' or deleted because it either lacks relevance or is protected by privilege." Defendant's Response at 5.

"A privilege is either claimed or waived." Hambro Auto. Corp. v. United States, 73 Cust. Ct. 236, 238, 381 F. Supp. 1403, 1406 (1974). According to Rule 26(b)(5) of the Rules of this Court, "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Furthermore, "[a]ny ground not stated in a timely objection is waived." USCIT R. 33(b)(4).

In its brief, Owatonna claims that "Mr. Nelson, counsel for Newton, subsequently advised Mr. Huntington that Newton wishes to assert the claim of attorney-client privilege with regard to the [board minutes]," Defendant's Response at 5. However, the documents before the court do not reveal evidence of an express claim that the information redacted from the board minutes was privileged, nor a description of those things that have not been produced in a manner that would enable the Government to assess the applicability of the privilege. In any case, there is simply no argument that "advising" counsel of the issues months past the due date of discovery, with no extension, can constitute a timely and proper objection. The evidence before the court reveals only that, in a letter to Government counsel from counsel for Owatonna, counsel for Owatonna explains, "The redactions were made because the redacted material was unrelated to this Action."

"A client waives the attorney-client privilege by failing to assert it when confidential information is sought in legal proceedings." GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1272-73

8

(Fed. Cir. 2001) (citations omitted).  Further, "[f]ailure to assert the privilege objection *correctly* can mean the privilege is waived. . . . In the deposition context, . . . the objection should ordinarily be asserted when a question seeking privileged material is asked . . . ."  8 Charles Alan Wright et al., Federal Practice and Procedure § 2016.1, at 228-29 (2d ed. 1994) (emphasis added).  By failing to properly assert the attorney-client privilege when privileged information was sought, Owatonna waived the privilege.  Owatonna must therefore produce the redacted documents in their complete form.

## IV

## CONCLUSION

For the reasons stated above, the court orders Owatonna to provide full and complete answers to all outstanding and unanswered discovery requests of the Government in accordance with the terms of the court's order.

_____
Evan J. Wallach, Judge

Dated: February 12, 2002
         New York, New York

9